THOMAS E. MARSDEN vs. JOHN C. WALSH et al.

PROVIDENCE—APRIL 9, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Chattel Mortgages. Tender. Restoration of Property.*

Under Gen. Laws cap. 207, § 13, the tender of payment or payment of the amount due on the mortgage, together with all reasonable and lawful charges and expenses, is a condition precedent to any right of action by the mortgagor for the recovery of the possession of the mortgaged personalty or for the recovery of damages for the conversion thereof.

Upon the payment or tender of the amount due, the mortgagee is to " restore " the property to the mortgagor, but he is under no obligation to return it to the place from which he took it in pursuance of foreclosure proceedings.

(2) *Chattel Mortgages. Tender. Restoration of Property. Attachments.*

The fact that attachments had been placed upon the mortgaged property while in the possession of and at the instigation of the mortgagee did not relieve the mortgagor from making the tender or payment required by the statute, so long as the actions were based upon *bona fide* claims against him.

TRESPASS ON THE CASE for trover. Heard on demurrers to replications. Demurrers sustained.

TILLINGHAST, J. This is an action of trover, and is brought to recover the value of certain articles of personal property which, the declaration alleges, the defendants have converted to their own use.

In addition to the plea of the general issue, the defendants have filed certain special pleas in which they set up that the plaintiff ought not to have or maintain his action against them, because the articles enumerated and described in the declaration, with the exception of the mule therein mentioned, were subject to a mortgage given by the plaintiff to one Hallis N. Smith as collateral security for the payment of certain promissory notes given by the plaintiff to said Smith, which said notes and mortgage had been duly assigned to the defendants, and at the time of the commencement of this action the notes were overdue and unpaid, whereby the

conditions of said mortgage were broken; and that the defendants had taken possession of said mortgaged property for the purpose of foreclosing their mortgage. Also, that before any demand was made upon the defendants for the return of said property, the plaintiff's interest therein had been attached and said property had also been garnished in the hands of defendants on certain writs issued against the plaintiff, which writs were duly entered in the Sixth District Court and are now pending therein.

The defendants also set up that, as to the conversion of said mule, the plaintiff ought not to have or maintain said action, because they say that at the time of the foreclosure of said mortgage the plaintiff delivered said mule to the defendants and promised to pay them a reasonable price for its board and keeping; that the defendants kept and boarded said mule, and, before any demand was made upon them for the return thereof, it was attached as the property of the plaintiff under a writ issued from said District Court, which writ was duly entered and is now pending therein.

The defendants also set up that on the 16th day of January, 1900, the plaintiff, with his attorney, went to the defendants' place of business and made demand upon them for the return of the articles mentioned in said mortgage, and, at defendants' request, gave them until five o'clock in the evening of January 17, 1900, that they might consult their attorney in regard to said matter and determine the amount due on said mortgage; that before five o'clock on that day the defendants went to the office of the plaintiff's attorney, that being the place specified by the plaintiff, and informed him that they were ready and willing to cancel said mortgage or transfer the same to whomsoever the plaintiff might desire, on payment of the amount which was then and there agreed to be due, but the plaintiff declared that when the defendants would return said property to the place from which they took it, which was some distance from the place where the defendants' place of business was located, he would then tender them the amount due on said mortgage, which the defendants refused to do.

To these special pleas the plaintiff has filed a replication setting up that while he admits the allegations therein to be true, in so far as they state that the plaintiff made the mortgage aforesaid and also in so far as they allege that said Smith endorsed the notes secured thereby to the defendants and assigned and transferred the mortgage to them; and while he also admits that the defendants took possession of said property for the purpose of foreclosing the mortgage, for condition broken, and that he went to the place of business of said defendants, as alleged, and made demand for the return and restoration of the articles mentioned in said mortgage, and gave the defendants until five o'clock in the evening of January 17 to return said mortgaged property; and while he further admits that the defendants within the time specified did go to the office of plaintiff's attorney and offer to cancel said mortgage or transfer it, as aforesaid; and that he then told the defendants that when they would return said property to the place from which they took it, he would then pay them the amount due on said mortgage; yet he avers that said offer was not made in good faith by the defendants, but was made by them well knowing at the time that several attachments had been placed upon said property at their instigation, so that, had they cancelled said mortgage or transferred the same to whomsoever the plaintiff might direct, the plaintiff could not have come into possession of said property.

As to the plea relating to said mule, the plaintiff replies that he ought not to be barred from maintaining his action, because he says that, while admitting that he delivered it to the defendants as by them alleged in said plea, and upon the condition therein alleged, yet that the defendants did not keep and perform their agreement made with the plaintiff regarding the keeping of said animal, but on the other hand exercised unlawful dominion over it and sold the same to one John B. Gray, and did not have said animal in their possession on the 16th day of January, 1900, when demand was made upon them therefor. And the plaintiff further replies and says that said mule had not been attached as the prop-

erty of the plaintiff before demand was made for the return thereof, and this he prays may be inquired of by the country.

To this replication, in so far as it applies to the mortgaged property, the defendants have demurred on the grounds, amongst others (1), that the plaintiff in his said replication nowhere shows that he made a valid tender to the defendants of the amount due on said mortgage ; (2) that he nowhere alleges in said replication that said writs of attachment therein set forth were not *bona fide* writs based upon just claims against the plaintiff ; and (3) that the fact that the plaintiff was served with the writs attaching his property in the hands of the defendants as garnishees, before any demand was made for the return of said property, is a bar to the plaintiff's claim, whether such writs were procured at the instance of the defendants or not. Wherefore they pray judgment, etc.

The first and principal question thus raised by the pleadings is as to the sufficiency of said tender on the part of the plaintiff as a condition precedent to his right of action. His contention is that it was sufficient under Gen. Laws R. I. cap. 207, § 13. That statute is as follows : " The person entitled to redeem such personal property shall pay or tender to the mortgagee, or to the person holding under him, the sum due on the mortgage, with all reasonable and lawful charges and expenses incurred in the care and custody of the property or otherwise arising from the mortgage thereof ; and if the property is not forthwith restored, the person entitled to redeem the same may recover it in a proper action, or may recover in any proper action such damages as he may have sustained by the withholding thereof."

(1)    We think it is clear that under this statute the payment or tender of payment of the amount due on the mortgage, together with all reasonable and lawful charges and expenses incurred by the mortgagee in the care and custody of the property, and also all lawful expenses incurred in connection with any foreclosure proceedings which may have been commenced, is a condition precedent to any right of action

by the mortgagor for the recovery of the possession of the mortgaged property or for the recovery of damages for the conversion thereof.

The statute evidently has a two-fold purpose, namely: first, to protect the mortgagee in his rights under the mortgage, and, second, to protect the mortgagor in his right of redemption of the property mortgaged. That the mortgagee has the right to retain possession of the mortgaged property until a tender or payment of the amount due thereon, as aforesaid, is clear. Were this not so, the mortgagee might be compelled to give up his security and thereby prejudice his rights under the mortgage.

Upon the payment or tender of the amount due, the mortgagee is to "restore" the property to the mortgagor; that is, he is to deliver it to him. But we think it is clear that he is under no obligation to return it to the place from which he took it in pursuance of his foreclosure proceedings. To require this would be to put a burden upon the mortgagee which was evidently not contemplated by the statute.

By virtue of the mortgage in question the defendants confessedly had the right, under the circumstances, to take possession of said mortgaged property, and also to remove it from the place where they found it, for the purpose aforesaid. And this being so, the plaintiff had no legal right to demand a return thereof to the place from which it was taken as a condition of the making of the tender or payment provided for in the statute. A mortgagor who desires to repossess himself of the property mortgaged must take it where the mortgagee has rightly placed it; and he must also make an unconditional tender or payment of the amount due before bringing any action for damages under the statute.

If this were not so, the mortgagee in a case like the one before us, where the property consists largely of machinery, would have to incur considerable expense in returning the property to the place from which it was taken, for which the statute allows him no compensation. It is only for the wrongful "*withholding*" of the property from the mortgagor, after the tender or payment mentioned, that the statute gives an

action for damages, and not for refusing to return the same to the place from which it was taken.

The case of *Gale Mfg. Co.* v. *Phillips*, 78 Mich. 86, is in point. There, after the defendant gave the mortgage, the plaintiff tendered the goods back, and the defendant refused to accept them. " Under such circumstances," said the court, in reversing the decision below, " the defendant, upon an assessment of damages, had no right to a judgment for the value of the property taken, nor for a return. The plaintiff came lawfully into possession under its mortgage, and by paying the mortgage the defendant cannot turn the plaintiff's possession of the goods into a wrongful holding, so that he may have judgment for costs. It was and is the defendant's right to have his goods back after paying his mortgage, but he could not insist upon their being returned to his store by the plaintiff. He must take them at the place where the plaintiff had stored them for safe keeping."

(2)    As to that part of the plaintiff's replication which alleges that the defendant's offer to deliver the mortgaged property to the plaintiff was not made in good faith, but that it was made by the defendants when they well knew that several attachments had been placed upon said property at their instigation, so that had they cancelled said mortgage the plaintiff could not have come into possession of said property, it is sufficient to say that it did not have the effect to relieve the plaintiff from making the tender or payment required by the statute. Had the plaintiff alleged in his replication that said writs of attachment were not based upon *bona fide* claims against him, it might properly be urged that the defendants were wrongfully and fraudulently contriving to prevent him from obtaining possession of his property. But as the plaintiff does not allege such a state of facts, it is to be presumed that the plaintiffs in said attachment suits were proceeding rightfully. And the mere fact that they were proceeding at the instigation of the defendants does not legally alter the rights of the latter in this case. In other words, it is immaterial what motives the defendants had in instigating said

proceedings, so long as the plaintiffs therein had just causes of action.

For the reasons above given, we decide that the demurrer must be sustained.

As to the replication regarding the mule in question, which was not covered by the mortgage, which replication concludes to the country, it of course raises a question of fact which entitles the parties to a jury trial upon issue being joined thereon.

The case is remitted to the Common Pleas Division for further proceedings in accordance with this opinion.

*James A. Williams*, for plaintiff.

*Dennis J. Holland*, for defendants.